**Leslie R. DERSTEIN, Plaintiff,**

v.

**Page BENSON, J. Patrick Brazil, and John Jaworsky, Defendants.**

**No. 84–1219–K.**

United States District Court,
D. Kansas.

July 7, 1989.

Brian G. Grace, Wichita, Kan., for plaintiff.

Dan Biles, Carl Gallagher, Asst. Atty. Gen., Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

PATRICK F. KELLY, District Judge.

This case is currently before the court on plaintiff's timely motion to alter or amend judgment pursuant to Fed.R.Civ.P. 59(e). Plaintiff seeks modification of this court's memorandum decision of May 22, 1989, in which the court found for plaintiff on his § 1983 claim of denial of due process and awarded him damages in the amount of $90,000.00. *Derstein v. Benson, et al.*, 714 F.Supp. 481. (D.Kan.1989).

Plaintiff requests that the court modify its order to provide for injunctive relief in two respects. First, plaintiff requests the court to order that plaintiff's personnel records be cleared of all references to charges of sexual harassment. Second, plaintiff seeks an order requiring that he be reinstated as a state employee for purposes of retaining his seniority status as to employee benefits.

█ The court denies plaintiff's request for an order requiring the clearing of his personnel records. In its May 22, 1989 order, the court set forth the procedural and factual history of this case in some detail and concluded that plaintiff's termination was "unjustified"—i.e., had plaintiff received due process, he would not have been terminated. Accordingly, the court finds that its prior reported conclusions serve to vindicate plaintiff and to clear his name of the allegations of sexual harassment for which he was terminated, and no further order is required.

█ The court agrees, however, with plaintiff's suggestion that the court modify its order to require the plaintiff be reinstated as a state employee from the date of his termination, for purposes of obtaining seniority with respect to employee benefits. It is undisputed that plaintiff has requested such relief throughout this case and at trial, and the court merely overlooked this question in its determination of the remedy to be awarded to the plaintiff. The court found that for a period of approximately four years following plaintiff's termination, he was unable to obtain employment with the state. While he was ultimately reemployed by the state as a corrections counselor, plaintiff lost his seniority status with respect to employee benefits as a result of the four year period in which he was forced to obtain private employment outside his field of expertise. Since the court's aim is to as nearly as possible place plaintiff in the situation he would have been in had he not been unjustly terminated, the court finds that reinstatement of plaintiff's employment with the state for seniority purposes is proper.

Finally, plaintiff requests reconsideration of the court's determination that as a result of his unjustified termination plaintiff suffered lost income and benefits in the amount of $40,000.00. Plaintiff suggests that the uncontroverted evidence at trial indicated lost benefits alone totalled more than $40,000.00. The court fully considered the evidence presented at trial as to the damages suffered by plaintiff. The court substantially deviated from plaintiff's damage estimates primarily because the evidence did not support plaintiff's expert's assumption that plaintiff's career path would have been materially different had he not been terminated. The court finds no basis for altering its prior award and denies plaintiff's motion with respect to this contention.

IT IS ACCORDINGLY ORDERED this 7th day of July, 1989, that plaintiff's motion to alter or amend judgment is granted in part and denied in part.